UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10967-GAO

RICKY MEDEIROS, MARY HOWORTH, DOROTHY FERGUSON, and GLORIA MAYA,
on behalf of all other similarly situated,
Plaintiffs,

v.

BRK BRANDS, INC., FIRST ALERT, INC., INVENSYS CONTROLS, WALTER KIDDE
PORTABLE, INC.,
Defendants.

OPINION AND ORDER
March 30, 2010

O'TOOLE, D.J.

The defendants are manufacturers of smoke detector alarms sold to the public for home installation and use. According to the First Amended Complaint, there are two principal smoke detection technologies used in home smoke alarms, one using ionization detectors and the other using photoelectric detectors. The defendants make and sell both types of alarms, including alarms that use only ionization technology, alarms that use only photoelectric technology, and alarms that combine both technologies in one device.

The complaint alleges that the most deadly home fires are those that tend to smolder and develop slowly, such as when a carelessly disposed cigarette begins to ignite upholstery, because such fires can insidiously give off toxic gases that can overcome unsuspecting home occupants who are not otherwise alerted to the fire's existence by readily observable flames. In contrast, a flaming fire, such as a kitchen fire, is immediately detectable so that a prompt, and damage limiting, response is possible. The detection technologies differ in their ability to detect the two types of home fires. Photoelectric devices detect smoldering fires sooner than ionization devices

do, and permit an earlier warning to occupants of the perhaps unseen hazard. On the other hand, ionization devices are superior to photoelectric devices in alerting to flaming fires.

The liability theory proposed in the complaint is that the defendants have failed adequately to inform purchasers of ionization-only smoke detectors of the differences in the detection capabilities of the two technologies, especially the inferiority of ionization detectors as compared with photoelectric detectors in detecting deadly smoldering fires. The four named plaintiffs allege that they purchased an ionization-only detector from one or more of the defendants "without knowing that the smoke detectors they purchased do not adequately detect the full range of smoke generated by residential fires or of the substantially higher risk in only installing ionization-only smoke detectors in their homes." (First Am. Comp. ¶ 61.) The plaintiffs assert that the defendants' failure

> to advise consumers that alternative photoelectric or combination devices provide greater protection and are comparably priced, that a single combination detector would provide full protection at a cheaper price than two separate alarms[,] and that ionization-only detectors should never be used alone, while continuing to sell ionization-only detectors, is fraudulent, unfair[,] and deceptive.

(Id. ¶ 66.)[1]

The complaint contains two counts. The first asserts a cause of action under applicable state consumer protection statutes; the second is a claim for "unjust enrichment." As to Count I, the plaintiffs claim to have been damaged in that they "have incurred (or will incur) the expense of purchasing a photoelectric or combination fire alarm or alarms because the Defendants' ionization-only alarms fail to protect them and their families from the dangers associated with all types of home fires." (Id. ¶ 67.) As to Count II, the plaintiffs allege that the defendants have been

---

[1] The plaintiffs also allege that it was "fraudulent, unfair[,] and deceptive" for the defendants to have failed "to provide critical and highly material safety information about the two technologies' markedly different response times to a smoldering fire," thus fostering "the false impression that a single type of detector is adequate . . . ." (Id. ¶¶ 64, 65.)

unjustly enriched by the revenues generally received "from the sale of ionization-only smoke detectors marketed as being capable of adequately detecting smoke generated in a home fire and thereafter sounding an alarm," and they seek restitution. (Id. ¶ 93.)

The plaintiffs make no claim that any of the smoke detectors they bought were physically defective or failed to function as designed. They do not allege that any fire occurred and went undetected by the alarms they bought. Rather, the claim is that the defendants did not adequately make known the technological limitations inherent in ionization-only detectors while nonetheless marketing such detectors, with the consequence that the plaintiffs were led to buy the inferior devices. Accordingly, the plaintiffs assert under Count I that they have had to, or will have to, buy a different substitute or complementary detector that will provide better detection of deadly smoldering fires, and they should receive damages in a sum to compensate them for having to do that. Under Count II, the plaintiffs assert that the money they paid to buy the less-than-fully-useful ionization-only detectors should be returned in restitution.

The plaintiffs purport to sue not only for themselves, but also on behalf of a proposed nationwide class of "American homeowners and renters who have purchased stand-alone 'ionization-only' smoke detectors." (Id. ¶ 2.)

Defendants BRK Brands, Inc. and First Alert, Inc. have moved to dismiss "certain claims" in the first amended complaint (dkt. no. 22). (Mot. of Defs. BRK Brands, Inc. and First Alert, Inc. to Dismiss Certain Claims in the First Am. Compl. 1.) By their motion, these defendants seek, in substance, a ruling that each plaintiff has standing only to present his or her own claim arising under the law of his or her own respective State.

Defendants Invensys Controls and Walter Kidde Portable Equipment, Inc. have moved to strike the complaint's class action allegations (dkt. no. 29), as well as to dismiss the first

amended complaint in its entirety (dkt. no. 31).[2] By the former, these defendants seek a ruling that the nature of the plaintiffs' claims are such that they are not appropriate for litigation as a class action; by the latter, they seek a ruling that even the individual claims of the plaintiffs are necessarily insufficient as pleaded.

I.      The Standing of the Named Plaintiffs

According to the allegations of the complaint, plaintiff Mary Howorth, a citizen of Illinois, and plaintiff Gloria Maya, a citizen of Florida, each bought a BRK brand[3] smoke detector. BRK and First Alert do not challenge the standing of these two plaintiffs to assert a claim against them arising out of these purchases. Howorth's claim would arise under the law of Illinois and Maya's under the law of Florida. The other two named plaintiffs did not buy BRK brand detectors, and they do not assert any individual claim against BRK or First Alert (nor would they have standing to do so).

The complaint, however, alleges that the defendants have violated the consumer protection statutes of States other than the States where the individual plaintiffs reside and where they presumably made their purchases of smoke detectors. (First Am. Compl. ¶ 82.) It does not appear that by these allegations the plaintiffs intended to claim that any of the four named plaintiffs could assert an individual cause of action under the statute of a State where that plaintiff had not actually made a purchase of one of the defendants' smoke detectors or in other circumstances that would fall within the scope of the particular statute. The BRK defendants are correct that an individual plaintiff *qua* individual could not make a claim under a state statute that did not apply to that plaintiff's own personal transaction, whether the reason was said to be

---

[2] In addition, original defendant United Technologies Corporation moved for summary judgment (dkt. no. 24). Thereafter, the plaintiffs filed a stipulation of dismissal without prejudice as to United Technologies. The summary judgment motion is therefore moot.

[3] It appears that "First Alert" is a BRK brand.

jurisdictional because of a lack of standing or substantive because of a lack of an applicable cause of action.[4]

What the plaintiffs claim, rather, is that the individuals are appropriate representatives for a proposed class of smoke detector consumers that would include persons who did engage in transactions covered by the multiple state statutes enumerated in the complaint. If approved as class representatives, the plaintiffs assert, they would be permitted to (re)present the claims of the various class members under the statutes that applied respectively to those class members' claims, even if the named plaintiffs, as individuals, did not have claims under those statutes. Like the defendants' point about the limits on a plaintiff's ability to assert an individual claim, the plaintiffs' point about the effect of their potential certification as class representatives on their ability to assert claims of class members is itself quite unremarkable.

The parties are talking past each other a bit. The crucial, and disputed, question is not about jurisdictional standing in any broad sense, but rather about the appropriateness of the proposed designation of the plaintiffs as class representatives under Federal Rule of Civil Procedure 23 and relevant case law. If they *are not* proper representatives of the proposed class, then they have standing only to present their own individual claims and no others. On that the defendants are right. On the other hand, if they *are* determined to be properly designated representatives of a properly constituted class, then they will have the right -- call it "standing" if you will (with quotation marks) -- to litigate claims on behalf of properly included class members. "Properly," of course, is the key word in the preceding sentence. For example, whether "there are questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), and whether

---

[4] Kidde and Invensys advance a similar argument in their broader motion to dismiss the plaintiffs' complaint. The discussion of BRK's and First Alert's contentions in this respect applies to the Kidde and Invensys motion as well.

"the claims . . . of the representative parties are typical of the claims . . . of the class," Fed. R. Civ. P. 23(a)(3), are just two issues that may involve a necessary inquiry into the effect of constitutional rules of standing on the judgment about certification.

The time is not yet ripe for consideration of the appropriateness of certification of the action as a class action. (See below.) That will come. For the present, on BRK and First Alert's motion, it can be said, as set forth above, that the individual plaintiffs have only their own individual claims unless and until they are certified as representatives of a properly constituted class.

II.     Striking the Class Allegations

Whether the class proposed in the complaint, or any other class, can or should be certified under Rule 23 is a substantial question that is not now ripe for resolution. I am not able to agree with the argument of Kidde and Invensys that the matter can be decided on the face of the complaint. The motion to strike the class allegations is therefore denied.

III.    The Sufficiency of the Individual Claims

Kidde and Invensys argue, among other things, that the complaint fails to allege even the individual claims with sufficient specificity to satisfy the basic pleading standard of Federal Rule of Civil Procedure 8(a)(2), especially in light of the recent Supreme Court opinions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937 (2009). I agree. Regardless of whether the requirement imposed by Federal Rule of Civil Procedure 9(b) that fraud be pleaded with particularity applies here, the pleadings fail the more basic requirements of Rule 8(a)(2).

Plaintiffs Medeiros and Ferguson assert claims against Kidde and Medeiros asserts a claim against Invensys. While they describe in detail illustrative examples of packaging and

inserts they assert are misleading, they never provide any information about the packaging or advertising that accompanied the products either of them actually bought or to which they were otherwise exposed. They simply assert that the plaintiffs paid for smoke detectors under the "belief that these detectors provide full protection" because of the defendants' "failure to adequately inform" the plaintiffs. (First Am. Comp. ¶ 61.) Such conclusory statements without specifics are insufficient to state a claim. See Iqbal, 129 S. Ct. at 1951; Twombly, 550 U.S. at 559. In order to allege an entitlement to relief that is "plausible," see Twombly, 550 U.S. at 570, the plaintiffs must provide at least some factual information to establish a connection between the alleged misrepresentations by the defendants and the plaintiffs' own claimed injuries. The plaintiffs here cite some packaging and inserts as examples of what they claim was misleading information disseminated by the defendants, but the exact products the plaintiffs themselves bought are not identified, and there is no allegation that those products came with the same or substantially similar materials. The absence of specific allegations concerning the plaintiffs' own purchases is very much like the absence of specific allegations in Twombly that would show why parallel business conduct could be seen as the product of an unlawful conspiracy in violation of the antitrust laws.

      The same flaw inheres in the plaintiffs' claims for unjust enrichment. While the plaintiffs claim that the defendants received the benefit of revenue from the plaintiffs' purchases of ionization-only smoke detectors, their failure to outline a factual connection from the defendants' alleged misconduct to their purchase decisions prevents them from stating why the acceptance of that sales revenue by the defendants was done under circumstances making such acceptance inequitable or unjust.

Accordingly, the motion of Kidde and Invensys to dismiss the complaint for failure adequately to allege a cause of action is granted. While BRK and First Alert did not make this argument in their papers, the same reasoning applies with equal force to the plaintiffs' claims against them.

IV.   Conclusion

For the reasons set forth in the preceding section of this opinion, the complaint is dismissed, with leave granted to the plaintiffs to replead their claims with the requisite factual specificity, such repleading to be filed within twenty-eight days of the entry of this order.

It is SO ORDERED.


/s/ George A. O'Toole, Jr.
United States District Judge