UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10967-GAO

RICKY MEDEIROS, MARY HOWORTH, DOROTHY FERGUSON, and GLORIA MAYA,
on behalf of all other similarly situated,
Plaintiffs,

v.

BRK BRANDS, INC., FIRST ALERT, INC., INVENSYS CONTROLS, and KIDDE
RESIDENTIAL AND COMMERCIAL DIVISION, INC.,
Defendants.

OPINION AND ORDER
March 10, 2011

O'TOOLE, D.J.

After careful review of the parties' submissions and after hearing, the Motion of Defendants BRK Brands, Inc. and First Alert, Inc. to Dismiss the Second Amended Complaint (dkt. no. 58) and Motion of Defendants Walter Kidde Portable Equipment, Inc. and Invensys Controls to Dismiss Plaintiffs' Second Amended Complaint (dkt. no. 62) are both GRANTED.

According to the complaint, the packages of the smoke detectors the plaintiffs say they bought each contain some sort of description about the differences between ionization and photoelectric technology. The plaintiffs contend that, while the defendants may not have been required by statute or regulation to make more comprehensive disclosures, more should have been said under the circumstances so that a consumer would better understand the differences between the two technologies. The failure of the defendants to do so, argue the plaintiffs, made the so-called "partial statements" misleading. This is dubious as a theory of liability, and dismissal might be based on the insufficiency of the theory alone. But there is an additional reason.

The plaintiffs have failed again to allege the requisite casual connection under the consumer protection statutes at issue between any misleading omission and the plaintiffs' claimed harms (wasted purchases of half-good products). Although the newest complaint provides additional details of the packages and the plaintiffs' purchases, the plaintiffs have still not adequately pled any "connection between the alleged misrepresentations by the defendants and the plaintiffs' own claimed injuries." See Medeiros v. BRK Brands, Inc., No. 08-10967, 2010 WL 1222627, at *4 (D. Mass. Mar. 30, 2010) (dkt. no. 53). Specifically, the complaint does not allege that any plaintiff's purchase decision was actually influenced by the misleading partial information. Without some sort of relationship between the purported inadequacies of the disclosures and a consumer's purchasing decision, it is difficult to conceive how the packaging misled the plaintiffs or how more complete information by the defendants would have made them act any differently. Therefore, the plaintiffs' claims under the state consumer protection statutes must fail.

The pleading infirmity necessarily dooms their unjust enrichment claims as well. The lack of a "factual connection from the defendants' alleged misconduct to their purchase decisions" precludes the plaintiffs from stating "why the acceptance of their sales revenue by the defendants was done under circumstances making such acceptance inequitable or unjust." See Medeiros, No. 08-10967, slip. op. at 7.

Consequently, the Second Amended Class Action Complaint is DISMISSED with prejudice and without leave to replead.

It is SO ORDERED.

                                                  /s/ George A. O'Toole, Jr.
                                                  United States District Judge